# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Dougherty, : 
: 
Petitioner : 
: 
v. : No. 537 M.D. 2014
: 
The Pennsylvania State Police of the : Argued: September 16, 2015
Commonwealth of Pennsylvania, : 
: 
Respondent : 


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
HONORABLE BERNARD L. McGINLEY, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE MARY HANNAH LEAVITT, Judge[2]
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**[3]                    **FILED:  January 12, 2016**

Before this Court in our original jurisdiction are the Preliminary Objections

(POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to Joseph

---

[1] This case was assigned to the opinion writer before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[3] This matter was reassigned to the authoring judge on December 8, 2015.

J. Dougherty's (Petitioner) "Amended Petition for Review in the Nature of a Writ of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). Petitioner pled guilty to two counts of Unlawful Contact with a Minor[4] and a single count of Criminal Use of Communication Facility[5] on May 4, 2011, and was sentenced to ten years of probation on August 22, 2011. (Petition for Review ¶¶ 2, 3.) Petitioner alleges that he "was instructed and entered into a plea agreement" with the Commonwealth "pursuant to an understanding and agreement" that he was required to register only for ten years. (Petition for Review ¶ 4.) According to Petitioner's allegations, Petitioner's understanding that he was only required to

---

[4] Section 6318(a)(1) of the Crimes Code, 18 Pa. C.S. § 6318(a)(1). Unlawful Contact with a Minor is defined as:

[being] intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in [a sexual offense], . . . and either the person initiating the contact or the person being contacted is within this Commonwealth[.]
(1) Any offense enumerated in Chapter 31 (relating to sexual offenses).

Id.

[5] Pursuant to Section 7512(a) of the Crimes Code, 18 Pa. C.S. § 7512(a):

A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

Id.

2

register as a sexual offender for ten years "was an important consideration that Petitioner took into account in accepting a negotiated plea and which he relied upon in considering to plead in his case." (Petition for Review ¶ 5.) On December 3, 2012, the PSP notified Petitioner that pursuant to the enactment of the Sexual Offender Registration and Notification Act (SORNA),[6] Petitioner was now required to register twice a year for twenty-five years and that his registration information will be placed on the PSP's website for the same period of time. (Petition for Review ¶ 7.) Petitioner alleges that this increase in his registration period violates the Ex Post Facto and Contract Clauses of the United States and Pennsylvania Constitutions and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of Pennsylvania Constitution. Petitioner seeks specific performance of his plea agreement and an order declaring that he is not required to register beyond ten years as the increased registration and notification requirements imposed upon him by SORNA are, for those reasons, unconstitutional. (Petition for Review ¶¶ 13, 15, Wherefore Clause.)

The PSP demurs to the Petition for Review through five POs.[7] The PSP first alleges that mandamus will not lie against the PSP because the statute of limitations has run for these types of actions and that the PSP lacks the duty or authority to change Petitioner's registration requirements. (POs ¶¶ 48-58.)

---

[6] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act.

[7] We have reorganized the PSP's POs for purposes of this opinion.

3

Second, the PSP alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and Petitioner was properly classified as a Tier II offender, carrying a twenty-five year registration requirement. (POs ¶¶ 17-28.) Third, the PSP alleges that SORNA poses no ex post facto concerns and cites to our recent opinion in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014), aff'd, __ A.3d __ (Pa., No. 132 MAP 2014, filed November 20, 2015), as binding authority to that end. (POs ¶¶ 30-31.) Fourth, the PSP objects to Petitioner's due process allegations because Petitioner has failed to allege any interest that is protected under the Due Process Clause of either the United States or Pennsylvania Constitutions. (POs ¶¶ 41-42.) Finally, the PSP demurs to Petitioner's contract related claims by alleging that: (1) the PSP is not liable for breach of contract because the PSP is not a party to the plea agreement between Petitioner and the Commonwealth; and (2) assuming that the PSP is a party to the plea agreement, a claim against the PSP is barred by sovereign immunity. (POs ¶¶ 38-40.)

The PSP conceded at oral argument that, if Petitioner provided it with a sentencing order clearly showing that Petitioner was only required to register for ten years pursuant to a plea agreement, the PSP would be required to remove Petitioner from the registry after the ten year period expires. In light of this concession, Petitioner requested this Court at oral argument to stay further action on the claims asserted in the Petition for Review until Petitioner provides the PSP with his sentencing order and the PSP makes a determination as to whether the sentencing order clearly requires Petitioner to be removed from the registry once the ten year period expires.

4

We agree that, in the interest of judicial economy, we should hold our resolution of Petitioner's claims in abeyance. Should Petitioner provide the PSP with a sentencing order clearly stating that Petitioner is only required to register for ten years per a plea agreement, Petitioner's constitutional claims related to Petitioner's registration requirement under SORNA would become moot. Accordingly, we stay resolution of the PSP's POs and direct Petitioner to provide the PSP and this Court with his sentencing order and any other relevant document showing that a ten year registration period was part of his plea agreement.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Joseph J. Dougherty, | : |
| | : |
| Petitioner | : |
| | : |
| v. | :   No. 537 M.D. 2014 |
| | : |
| The Pennsylvania State Police of the | : |
| Commonwealth of Pennsylvania, | : |
| | : |
| Respondent | : |

## O R D E R

    **NOW**, January 12, 2016, Joseph J. Dougherty's (Petitioner) oral motion to stay the disposition of the preliminary objections filed by the Pennsylvania State Police of the Commonwealth of Pennsylvania (PSP) made during the September 16, 2015 oral argument is **GRANTED**. Petitioner is hereby ordered to provide the PSP and this Court with his sentencing order and any other document showing that his plea agreement required him to register for only ten years within fifteen (15) days of this Order, and the PSP shall advise Petitioner and this Court of its determination based thereon within thirty (30) days of receipt thereof.

 

_____

**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph J. Dougherty,    :
                    Petitioner    :
                        :
            v.    :    No. 537 M.D. 2014
                        :    Argued:  September 16, 2015
The Pennsylvania State Police of the    :
Commonwealth of Pennsylvania,    :
                    Respondent    :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
            HONORABLE BERNARD L. McGINLEY, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge


**OPINION NOT REPORTED**


**CONCURRING OPINION BY**
**JUDGE LEADBETTER**                    **FILED:  January 12, 2016**


I agree with the result reached by the majority in this case. I write separately to emphasize, as I did in my concurring and dissenting opinion in *Taylor v. Pennsylvania State Police* (Pa. Cmwlth., No. 532 M.D. 2014, filed January 12, 2016) that there are important differences between distinct causes of action and it is not the job of courts to parse factual allegations and re-frame pleadings to rectify

the mistakes of counsel.[1]  The nature of the cause of action before the court affects considerations of statute of limitations, immunity, subject matter jurisdiction, etc. If, say, a contract claim is asserted but the recited facts allege the elements of negligence, or perhaps some statutory claim, how is the respondent to know whether to reply to the pleading or to some manner in which the court may re-fashion it? I agree that this case should be held in abeyance, but I firmly believe that ordinarily the proper course is to dismiss without prejudice and require the petitioner to clarify his intent.

 

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[1] I note here that, in addition to referring to this as a mandamus claim, petitioner's factual allegations would seem to suggest a misjoinder of constitutional and contract law claims.